IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DELANDE G. HAWKINS, )
)
        Petitioner, )
)
v. ) 1:14CV385
)
GUILFORD COUNTY, )
)
        Respondent. )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, submitted a petition under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody, together with the $5.00 filing fee. For the following reasons, the Petition cannot be further processed.

1. Petitioner affirmatively indicates that state court remedies have not been exhausted as required by 28 U.S.C. § 2254(b). (Petition [Doc. #1] §§ 8, 10, 12, 13.) This Court cannot grant relief unless state court remedies have been exhausted. Id. In North Carolina, a petitioner may satisfy the exhaustion requirement of § 2254 by raising his claim(s) in a direct appeal of his conviction and/or sentence to the North Carolina Court of Appeals followed by a petition to the Supreme Court of North Carolina for discretionary review, or by raising his claims in a Motion for Appropriate Relief ("MAR") and petitioning the North Carolina Court of Appeals for a writ of certiorari if the MAR is denied. See Lassiter v. Lewis, No. 5:11HC2082D, 2012 WL 1965434, at *4-5 (E.D.N.C. May 31, 2012) (unpublished) (citing O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999), and N.C. Gen. Stat. §§ 7A–31, 15A–1422).

2. Petitioner has not named his custodian as the respondent. Rule 2, Rules Governing Section 2254 Cases, requires that the petition name the state officer having custody of the applicant as respondent.

3. Petitioner asks for monetary relief, which is not appropriate in a habeas action. He must attack his conviction or sentence, not seek damages.

4. Petitioner's claims are unclear and filled with legal jargon which does not make sense taken as a whole. To the extent that they can be deciphered, it appears that Petitioner claims his conviction is invalid because the name under which the State prosecuted him is not the name on his birth certificate. It is not clear how this would provide him with any claim for relief under the United States Constitution, as required for habeas relief. Further, it appears that his allegations are likely connected to his claimed status as a Moorish American national and member of the Moorish Divine and National Movement. If so, Petitioner should be aware that this Court has regularly dismissed for being frivolous claims based on the fact that a plaintiff or petitioner is a "Moor," "Moorish American," or of similar ethnic origin. Finally, simply claiming to be a "Moor" or a member of the "Moorish American Nation" will in no way absolve Petitioner of criminal acts for which he was convicted or provide a jurisdictional challenge to his convictions. See, e.g., Pitt-Bey v. District of Columbia, 942 A.2d 1132, 1136 (D.C. 2008) (rejecting a jurisdictional claim raised by a member of "The Nation of Moorish-Americans" based on international treaties).

Because of these pleading failures, the Petition should be filed and then dismissed, without prejudice to Petitioner filing a new petition on the proper habeas corpus forms with the $5.00 filing fee, or a completed application to proceed *in forma pauperis*, and otherwise correcting the defects noted. To further aid Petitioner, the Clerk is instructed to send Petitioner a new application to proceed *in forma pauperis*, new § 2254 forms, and instructions for filing a § 2254 petition, which Petitioner should follow.

*In forma pauperis* status will be granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to return

Petitioner's $5.00 filing fee and send Petitioner § 2254 forms, instructions, and a current application to proceed *in forma pauperis*.

IT IS RECOMMENDED that this action be filed, but then dismissed *sua sponte* without prejudice to Petitioner filing a new petition which corrects the defects of the current Petition.

This, the 12th day of June, 2014.

/s/ Joi Elizabeth Peake  
United States Magistrate Judge